*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BOB WOODWARD,

      Plaintiff/Counterdefendant-Appellee,

UNPUBLISHED
March 12, 2020

v

No. 343704
Wayne Circuit Court
LC No. 13-012157-AV

CHRISTOPHER SCHWARTZ,

      Defendant/Counterplaintiff,

and

MARK A. CHABAN,

      Appellant,

and

HOWARD E. GURWIN,

      Appellee.

Before: STEPHENS, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

Appellant, Mark Chaban, appeals by right the circuit court order concerning the disposition of appellant's residential property at 15046 Hix Road in Livonia, Michigan. In that order, the court granted court appointed receiver attorney Howard Gurwin's motion to distribute funds from the sale of the property, authorized appellant's immediate eviction from the property, and discharged the receivership. We affirm.

## I. BACKGROUND

This matter has a long procedural history beginning in 2010 with eviction proceedings against Chaban's then brother-in-law, defendant/counterplaintiff Christopher Schwartz. Chaban

-1-

was the lawyer who represented Schwartz in that landlord-tenant action and as a result of his conduct during that representation, Chaban was ordered to pay plaintiff/counterdefendant-appellee Bob Woodward $24,125 in vexatious appeal sanctions. This Court affirmed the trial court's original order permitting the judicial sale of Chaban's property to satisfy the sanctions judgment. *Woodward v Schwartz*, unpublished per curiam opinion of the Court of Appeals, issued April 17, 2018 (Docket No. 337984), pp 1-2, lv den 503 Mich 929 (2018).[1]

This appeal concerns the postjudgment collection proceedings. Woodward asked the circuit court to appoint a receiver to list and sell the property after unsuccessful efforts to sell it at a judicial sale. The trial court denied the motion without prejudice, because it was not convinced that there was sufficient equity in the home. In a renewed motion to appoint a receiver, Woodward asserted that there was "at least $60,000 in equity in the subject home" and specifically identified and requested appellee Gurwin be appointed as receiver. The trial court granted the renewed motion, over Chaban's objection.

The home was sold in a foreclosure sale in November 2017, but the closing on the property could not be completed until Chaban vacated the premises which he refused to do. Instead, Chaban filed a motion asking the trial court to dissolve the receivership, disburse the funds from the foreclosure sale to him alone, and dismiss the case. That motion was denied. In February 2018, Gurwin motioned the court to order Chaban removed from the home. On March 13, 2018 the circuit court entered an Immediate Order of Eviction. The foreclosure sale was then completed. Gurwin subsequently motioned the court to distribute the $41,695.51 remaining from the proceeds from the foreclosure sale and to discharge him as receiver. On April 20, 2018, the trial court granted the motion, discharged the receiver upon completion of the distribution, and entered an order approving the receiver's distribution of the sale proceeds, as follows:

| | |
|---|---|
| Amount received from sale of property: | $41,958.85 |
| Exempt funds to Mark Chaban | $3,500.00 |
| Less fee for foreclosure | $5,275.00 - Ryan Hill |
| Less Receiver's fees and costs | $16,595.30 |
| **Balance of:** | $16,588.55 to be divided between the two creditors and applied to their judgments as follows: |

---

[1] This Court has addressed this case in other matters as well. See, e.g., *Woodward v Schwartz*, unpublished order of the Court of Appeals, entered March 26, 2014 (Docket No. 319777), p 1 (vacating the district court's order dismissing Schwartz's appeal in the landlord-tenant action); *Woodward v Schwartz*, unpublished order of the Court of Appeals, entered January 10, 2014 (Docket No. 317043) (denying Schwartz's application for leave to appeal the circuit court's dismissal of his appeal from district court). Those appeals regarding the landlord-tenant dispute itself are not at issue for purposes of this appeal.

| | |
|---|---|
| Ryan Hill, atty for Bob Woodward, judgment creditor | $ 8,294.28 |
| Fred Freeman, as assignee of judgment creditor Harminder Rathore, et al. | $ 8,294.27 |

Chaban appeals both orders.

## II. THE APPOINTMENT OF THE RECEIVER

Chaban first challenges the appointment of Gurwin as receiver, arguing that reversal is required because the trial court failed to comply with MCR 2.621 and MCR 2.622. We disagree.

"This Court reviews for an abuse of discretion the trial court's decision to appoint a receiver." *Arbor Farms, LLC v GeoStar Corp*, 305 Mich App 374, 390; 853 NW2d 421 (2014). "An abuse of discretion occurs when the court's decision falls outside the range of reasonable and principled outcomes." *Ypsilanti Charter Twp v Kircher*, 281 Mich App 251, 273; 761 NW2d 761 (2008). In general, "the appointment of a receiver is a remedy of last resort and should not be used when another, less dramatic remedy exists. However, the appointment of a receiver is appropriate when other attempts have failed and a property owner has repeatedly refused to comply with the court's orders." *Id*. at 273 (citations omitted); see also *Band v Livonia Assoc*, 176 Mich App 95, 105; 439 NW2d 285 (1989) (explaining that the "appointment of a receiver may be appropriate when other approaches have failed to bring about compliance with the court's orders").

Chaban first argues that the trial court violated MCR 2.621(G) when it appointed Gurwin because Woodward's attorney had not obtained leave from the court before commencing further proceedings against Chaban. Under MCR 2.621(G), "[i]If there has been a prior supplementary proceeding with respect to the same judgment against the party, whether the judgment debtor or another person, further proceedings may be commenced against that party only by leave of court. . . ." Despite the clear necessity to establish the existence of a prior supplementary proceeding, Chaban has not presented any record evidence of any "prior supplementary proceeding". He has further not offered any transcript of an event identified as a prior supplementary proceeding to this Court for review. See MCR 7.210. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give issues cursory treatment with little or no citation of supporting authority." *Peterson Novelties, Inc v Berkley*, 259 Mich App 1, 14; 672 NW2d 351 (2003) (citations omitted). Accordingly, Chaban's challenge to the court's compliance with MCR 2.621(G) is abandoned for want of supporting authority. *PT Today, Inc v Commr of Office of Fin & Ins Services*, 270 Mich App 110, 152; 715 NW2d 398 (2006).

Chaban next argues that the trial court violated MCR 2.622 when it appointed Gurwin because neither of Woodward's two motions to appoint a receiver named a proposed receiver or included the receiver's qualifications. He argues further that Gurwin's name was inserted into the court's order appointing a receiver after the hearing and without notice to him. Again, we disagree.

MCR 2.622(A) provides, in part, that, "[u]pon the motion of a party or on its own initiative, and for good cause shown, the court may appoint a receiver as provided by law." Subrule (B) then provides that, "[i]f the court determines there is good cause to appoint a receiver, the court shall select the receiver in accordance with this subrule," and "[e]very receiver selected by the court must have sufficient competence, qualifications, and experience to administer the receivership estate." MCR 2.622(B).

Chaban's argument fails because it is factually inaccurate. As noted previously, Gurwin's appointment as receiver was specifically requested in Woodward's renewed motion to appoint a receiver. Chaban filed a response to that renewed motion stating that he was relying on his response to the initial motion filed by Woodward. The response belies his assertion that he had no notice of the request for Gurwin's appointment. It further did not address any concerns about Gurwin's qualifications to be appointed as receiver. Chaban's failure to object to the specific request for the appointment of Gurwin precludes relief under MCR 2.622(B)(1), where "[i]f the nonmoving party does not file an objection to the moving party's nominated receiver within 14 days after the petition or motion is served . . . the court shall appoint the receiver nominated by the party or parties, unless the court finds that a different receiver should be appointed." While Chaban did file an objection, he never mentioned Gurwin's nomination. Because he did not object to Gurwin's nomination, subrule (B)(1) required that the trial court appoint Gurwin.

Chaban also argues on appeal that Gurwin's appointment violated the conflict of interest prohibition in MCR 2.622(B)(6)(g) which provides that "a person or entity may not serve as a receiver or in any other professional capacity representing or assisting the receiver, if such person or entity" (1) "has, at any time within five years before the date of the appointment of a receiver, represented or been employed by the receivership estate or any secured creditor of the receivership estate as an attorney, accountant, appraiser, or in any other professional capacity and" (2) "the court finds an actual conflict of interest by reason of the representation or employment[.]" According to Chaban, Gurwin was employed by Freeman in a different matter against him. In support of this assertion, Chaban relies on a "Corrected Verified Claim for Proceeds of Sale" that relates to the property at issue in this appeal but does not mention Gurwin, a witness list from another lawsuit where Chaban was the named plaintiff and Gurwin was identified as an expert witness, and a few pages from an unidentified transcript from October 2012 where Gurwin purportedly testified as an expert witness. However, because Chaban never objected to the specific nomination of Gurwin in his response to Woodward's renewed motion to appoint a receiver, the trial court was deprived the opportunity to "find[] an actual conflict of interest by reason of the representation or employment[.]" MCR 2.622(B)(6)(g). We reject the invitation to decide the issue first on appeal.

Chaban also argues that the trial court generally violated MCR 2.622 by appointing Gurwin without "a finding of 'good cause' under the rule" and by failing to offer the requisite " 'rationale' to support the appointment." We disagree. Under the rule, the appointment of a receiver is "[u]pon the motion of a party or on [the court's] own initiative, and for good cause shown . . ." MCR 2.622(A). The August 29, 2017 order granting Woodward's motion to appoint a receiver provided, in relevant part,

> IT IS HEREBY ORDERED THAT Plaintiff's Motion for Appointment of a
> Receiver is GRANTED for the reason that counsel for the plaintiff has provided

-4-

this Court with an appraisal of Sanctions Defendant MARK CHABAN'S property located at 15046 Hix, Livonia, MI. After review of that appraisal, the Court is satisfied that there is sufficient equity in the subject property after deduction of the two mortgages to insure that the receiver will be adequately compensated for his efforts in selling the Livonia, MI property. The motion is further granted for the reasons set forth on the record.

The order recites two bases for the imposition of a receiver: "an appraisal of Sanctions Defendant MARK CHABAN'S property" and "for the reasons set forth on the record." Chaban did not file the transcript of the hearing as required by MCR 7.210, thus abandoning the issue for this appeal. *PT Today,* 270 Mich App at 152.

Chaban also asserts that the circuit court failed to exercise any oversight of Gurwin's actions resulting in there being a full failure of Gurwin to comply with his mandatory duties under MCR 2.622(D). We disagree. Gurwin sought permission to hire a real estate broker, permission to list the home, an order requiring Chaban's cooperation, various orders reinforcing that cooperation requirement, and, perhaps most importantly, permission on how to distribute the more than $40,000 he eventually recovered after the sale of the home. To the extent that Chaban argues the circuit court failed to provide for a bond when appointing the receiver, and that Gurwin failed to notice secured creditors or file an inventory, the record reflects that the bond issue was cured, that a portion of the proceeds from the foreclosure sale were distributed to a judgment creditor and that while the only item to be inventoried was the home, an appraisal of the property was conducted. Technical defects in the appointment of a receiver do not render the order appointing the receiver void.[2] *Band v Livonia Assoc*, 176 Mich App 95, 107; 439 NW2d 285 (1989). Further, most defects can be cured if brought to the court's attention in a timely manner. *Id*.

Finally, Chaban argues that, although "GURWIN sought and the circuit court entered an order authorizing the 'listing' of the real property with a real estate broker," he never obtained "authority, under common law, statute or court rule to sell real estate without the separate order required by *MCR 2.622(E)(2)*." Subrule (E)(2) provides that "[a] receiver may liquidate the personal property of the receivership estate into money. By separate order of the court, a receiver may sell real property of the receivership estate." Chaban's reliance on this provision of the court rule and his contention that Gurwin failed to obtain an order for the sale of the property are misplaced where Chaban's real property was foreclosed upon by his lender and redeemed by Gurwin during the redemption period.[3]

### III. VARIOUS ACTIONS BY THE RECEIVER

---

[2] Generally, "[w]herever the court has jurisdiction of the subject matter and of the necessary parties, its action with respect to the appointment of a receiver, whether or not erroneous, may not be questioned in a collateral proceeding." 75 CJS, Receivers, § 75.

[3] Gurwin then had to motion the court to order the Wayne County Sheriff to release the excess funds from the redemption of the foreclosure to him for the purposes of distribution by the court.

Next, Chaban argues that, even if validly appointed, Gurwin did not take priority over the prior foreclosure by "Appellant's first mortgagee", could not exercise a 'personal' statutory right to redemption, and was prohibited from "sell[ing the] property after sufficient funds to satisfy the judgment and administrative costs have been accumulated." Addressing Chaban's arguments in turn, there is nothing in the record to support the existence of a purported priority dispute between "Appellant's first mortgagee" and Gurwin. Indeed, no one other than Chaban objected to any filings or orders below, so nothing suggests that a mortgage of priority dispute existed. To the contrary, the only evidence of record actually suggests the opposite. His reliance on the receivership cases of *In re Receivership of 11910 S Francis Rd*, 492 Mich 208; 821 NW2d 503 (2012), and *Ypsilanti Charter Twp*, 281 Mich App 251, is also misplaced where Chaban's case does not involve a dispute between Gurwin and any mortgage holders nor a forecloseable lien.

Additionally, Chaban does not argue that his right to redeem the property was infringed in this case in the sense that Chaban would have exercised it but for Gurwin's actions. Rather, he takes issue with the fact that Gurwin apparently exercised the right on his own. "The purpose of appointing a receiver is to preserve property and to dispose of it under the order of the court." *Reed v Reed*, 265 Mich App 131, 162; 693 NW2d 825 (2005). In the case of irregularities or defects in a foreclosure proceeding, the mortgagor must demonstrate he was prejudiced by the failure to comply with the foreclosure statute. *Kim v JPMorgan Chase Bank, NA*, 493 Mich 98, 115; 825 NW2d 329 (2012). "To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent [] noncompliance with the statute." *Id*. at 115-116. Chaban was not in such a position.

Additionally, Chaban argues that, "[b]y December 21, 2017 [at least-probably sooner], sufficient funds had been identified by GURWIN [and Hill and Freeman, See Exhibit 10, pp 1-2] to fully satisfy the Judgment and any administrative costs." Citing MCL 600.6101, Chaban claims that the receivership should have terminated on or before that date as a matter of law. He then concludes as follows:

> GURWIN nevertheless requested authority to list Petitioner's home with a realtor, more than one month after Receiver knew the realty had been foreclosed by the first mortgagee, and, that Appellant no longer owned the real property. The obvious and ONLY purpose for this meaningless transaction [given the recovery was already more than sufficient to satisfy the entire judgment and any fees accrued to date] was to generate unnecessary additional fees for the three attorneys exceeding the $6,000 surplus already available.

The only citation to the record to support this argument is "Exhibit 10, pp 1-2," a "Corrected Verified Claims for Proceeds of Sale." While that document does reflect "a surplus of $31,000," it does not address the judgment awarding sanctions, any attorney fees or costs, or other outstanding bills. In sum, the document is not dispositive of whether the judgment was fully satisfied, and the record substantially undermines such an understanding. There is nothing in the record to suggest that the judgment against Chaban with respect to the sanctions' judgment has been satisfied in full—even as of today. Indeed, even in the final order in this case, Woodward only received just over $8,000, less than a third of the judgment at issue.

## III.  SUBJECT-MATTER JURISDICTION TO REMOVE A DEBTOR FROM THE PROPERTY

Chaban lastly challenges the circuit court's subject-matter jurisdiction to "evict" him from the property at issue.  He claims the order of eviction is void *ab initio* because district courts, not circuit courts, have jurisdiction over evictions.  Chaban generally relies on MCL 600.5704, a provision of the Summary Proceedings Act, MCL 600.5701 *et seq*., which provides: "The district court, municipal courts and the common pleas court of Detroit have jurisdiction over summary proceedings to recover possession of premises under this chapter."  However, the Summary Proceedings Act is not the only judicial process available to plaintiffs who are seeking to dispossess defendants from real property.  See, e.g., *De Bruyn Produce Co v Romero*, 202 Mich App 92, 106; 508 NW2d 150 (1993).  Indeed, "[p]ursuant to § 5750 of the act, the remedy provided by summary proceedings 'is in addition to, and not exclusive of, other remedies, either legal, equitable or statutory.' "  *Id*. at 107, quoting MCL 600.5750.  Because Chaban's exclusive reliance on the summary proceedings act is misplaced, this Court would be required to search other legal authority to either sustain or reject his position.  Again, "[a]n appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give issues cursory treatment with little or no citation of supporting authority."  *Peterson Novelties, Inc*, 259 Mich App at 14 (citations omitted).  Accordingly, we conclude that Chaban has abandoned this issue.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto